Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Anthony Robert Christofano Jr.
Emily Jo Christofano**
   Debtor(s)

Bankruptcy Case No.: 18–20434–CMB
Issued Per Mar. 12, 2018 Proceeding
Chapter: 13
Docket No.: 23 – 8
Concil. Conf.: August 9, 2018 at 11:00 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated February 2, 2018 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Aug. 9, 2018 at 11:00 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H.    Additional Terms: The secured claim of Ally Bank at Claim No. 1 shall govern as to claim amount, to be paid at the modified plan terms per document terms.

*(2.)  IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*    **IT IS FURTHER ORDERED THAT:**

**A.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**    In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: March 19, 2018

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                         United States Bankruptcy Court
                         Western District of Pennsylvania
In re:                                                              Case No. 18-20434-CMB
Anthony Robert Christofano, Jr.                                     Chapter 13
Emily Jo Christofano
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-2         User: jhel               Page 1 of 2                 Date Rcvd: Mar 19, 2018
                             Form ID: 149             Total Noticed: 24
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 21, 2018.
```
db/jdb         +Anthony Robert Christofano, Jr.,    Emily Jo Christofano,    5026 Hawk View Lane,
                 Jeannette, PA 15644-4565
14769719        12 Credit One Bank, NA,    PO Box 98873,    Las Vegas, NV 89193-8873
14769722        Bon Ton - Comenity Bank,    PO Box 182789,    Columbus, OH 43218-2789
14769723        Capital One Bank, USA, NA,    PO Box 71083,    Charlotte, NC 28272-1083
14769724        Comenity - Bon Ton,    PO Box 659813,    San Antonio, TX 78265-9113
14769729       +Office of Attorney General,    Strawberry Square, 14th Floor,    Harrisburg, PA 17120-0001
14769731        PNC Bank,    PO Box 6534,    Carol Stream, IL 60197-6534
14769732        PNC Mortgage,    PO Box 8807,    Dayton, OH 45401-8807
14769734        Rebecca A. Solarz, Esq.,    701 Market St Ste 5000,    Philadelphia, PA 19106-1541
14769736        Talbots - Comenity Bank,    PO Box 182789,    Columbus, OH 43218-2789
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14772995        E-mail/Text: ally@ebn.phinsolutions.com Mar 20 2018 01:52:39     Ally Bank,    PO Box 130424,
                 Roseville MN 55113-0004
14769720        E-mail/Text: ally@ebn.phinsolutions.com Mar 20 2018 01:52:39     Ally Financial,
                 PO Box 9001951,    Louisville, KY 40290-1951
14769721        E-mail/Text: ally@ebn.phinsolutions.com Mar 20 2018 01:52:39
                 American Suzuki Financial Services,    PO Box 380901,    Bloomington, MN 55438-0901
14769725        E-mail/PDF: creditonebknotifications@resurgent.com Mar 20 2018 02:07:50     Credit One Bank,
                 PO Box 98872,    Las Vegas, NV 89193-8872
14769726        E-mail/Text: mrdiscen@discover.com Mar 20 2018 01:52:41     Discover Bank,    PO Box 15316,
                 Wilmington, DE 19850-5316
14786140       +E-mail/Text: bankruptcydpt@mcmcg.com Mar 20 2018 01:53:12     MIDLAND FUNDING LLC,
                 PO BOX 2011,    Warren MI 48090-2011
14769727        E-mail/Text: bankruptcydpt@mcmcg.com Mar 20 2018 01:53:12     Midland Credit Management,
                 PO Box 60578,    Los Angeles, CA 90060-0578
14769728        E-mail/Text: bankruptcydpt@mcmcg.com Mar 20 2018 01:53:12     Midland Funding, LLC,
                 2365 Northside Dr Ste 300,    San Diego, CA 92108-2709
14769730        E-mail/Text: blegal@phfa.org Mar 20 2018 01:53:16     PHFA,    PO Box 15530,
                 Harrisburg, PA 17105-5530
14769733        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 20 2018 02:08:38
                 Portfolio Recovery,    120 Corporate Blvd,    Norfolk, VA 23502-4962
14770346       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 20 2018 02:17:16
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14769735        E-mail/PDF: gecsedi@recoverycorp.com Mar 20 2018 02:09:26     Synchrony Bank - Sam's Club,
                 PO Box 965005,    Orlando, FL 32896-5005
14769737        E-mail/Text: bankruptcy@firstenergycorp.com Mar 20 2018 01:53:21     West Penn Power,
                 PO Box 3687,    Akron, OH 44309-3687
14784562       +E-mail/Text: bankruptcy@firstenergycorp.com Mar 20 2018 01:53:21     West Penn Power,
                 5001 NASA Blvd,    Fairmont WV 26554-8248
                                                                                              TOTAL: 14

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              PNC BANK, NATIONAL ASSOCIATION
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                 TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 21, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0315-2          User: jhel                  Page 2 of 2              Date Rcvd: Mar 19, 2018
                              Form ID: 149                Total Noticed: 24
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 19, 2018 at the address(es) listed below:
          James   Warmbrodt    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Richard W. Schimizzi    on behalf of Joint Debtor Emily Jo Christofano rws@schimizzilaw.com,
          mrs@schimizzilaw.com;G16143@notify.cincompass.com;lms@schimizzilaw.com
          Richard W. Schimizzi     on behalf of Debtor Anthony Robert Christofano, Jr. rws@schimizzilaw.com,
          mrs@schimizzilaw.com;G16143@notify.cincompass.com;lms@schimizzilaw.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                                                                                        TOTAL: 5